Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>CARLOS LUIS GONZÁLEZ RIVERA<br><br>Parte Peticionaria | TA2026CE00734 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.:<br>I HO2002G0042 y otros<br><br>Sobre:<br>Art. 99 del C.P. y otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece ante *nos* Carlos Luis González Rivera (González Rivera o peticionario), por derecho propio y quien se encuentra confinado y nos solicita que revisemos una *Orden* emitida el 17 de abril de 2026 y notificada el 7 de mayo de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Mayagüez. Mediante dicho dictamen, el foro primario determinó que la responsabilidad de la salud de un confinado es del Departamento de Corrección y Rehabilitación (DCR). Además, declaró *No Ha Lugar* a la solicitud de ser eximido de las penas impuestas por razones de salud.

Sin necesidad de trámite ulterior y prescindiendo de la comparecencia de la Oficina del Procurador General de Puerto Rico

(recurrido)[1], este Tribunal deniega la expedición del auto de *certiorari.*

## I.

El 25 de marzo de 2026, González Rivera presentó ante el foro primario una *Moción Con Carácter de Emergencia Solicitando Caridad Judicial [...].* En ajustada síntesis, sostuvo que padece de enfermedades terminales y que se encuentra bajo el brutal acoso y asecho inminente de muerte. Así, afirmó que la enfermedad no tiene cura y que tampoco existe tratamiento médico para combatirla o eliminarla.

Posteriormente, el 17 de abril de 2026, el TPI emitió una *Orden* notificada el 7 de mayo de 2026. Mediante esta, el foro primario concluyó que la responsabilidad de la salud de un confinado es del DCR. Asimismo, dispuso que, si un confinado entiende que tiene algún reclamo por incumplimiento con dicha obligación de parte del DCR, deberá presentar su reclamo en un caso civil. Así pues, declaró *No Ha Lugar* la solicitud de ser eximido de las penas impuestas por razones de salud.

En desacuerdo, el 1 de junio de 2026, el peticionario compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia Sala Superior de Mayagüez al concluir y determinar No Ha Lugar una Moción de Caridad Judicial por razón de 2 condiciones de inminente muerte, adjudicando un asunto paralelamente civil en una sala criminal es contrario a derecho, tomando en consideración que para ello se disponen de salas criminal y civil para ventilar los asuntos mas propicios y por separados de su naturaleza siendo dicha orden una contraria a derecho, irrazonable, arbitraria e ilegal la cual esta viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento justo e imparcial. además, contraviene los preceptos constitucionales de la Constitución de los

---

[1] La Regla 7(b)(5) del Reglamento de este Tribunal de Apelaciones, nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Estados Unidos y Puerto Rico y contraviene los principios de la ley, caridad judicial y como un acto humanitario y viola todos los estándares de decencia contemporáneos.

Erró el Tribunal de Primera Instancia Sala Superior de Mayagüez al concluir y determinar No Ha Lugar una Moción de Caridad Judicial por razón de 2 condiciones de inminente muerte. Siendo dicha Orden emitida una contraria a derecho, irrazonable, arbitraria e ilegal, la cual esta viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento justo e imparcial. Además, contraviene el Artículo II – Sección 7 de la Constitución del E.L.A., y la Decimocuarta Enmienda de la Constitución de los Estados Unidos donde claramente dispone que reconoce como derecho fundamental del ser humano el derecho a la vida, a la libertad y al disfrute de la propiedad.

**II.**

## A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR

203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### III.

Habida cuenta de que el recurso ante *nos* se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición.

En el caso de epígrafe, en síntesis, el peticionario alegó que incidió el foro primario al emitir la *Orden* recurrida declarando *No Ha Lugar* la *Moción Con Carácter de Emergencia Solicitando Caridad Judicial [...]*, adjudicando un asunto civil en una sala criminal. Sostuvo que la *Orden* es contraria a derecho, irrazonable, arbitraria e ilegal. Asimismo, arguyó que la mencionada *Orden* contraviene la Constitución de Puerto Rico y la de los Estados Unidos de América.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra*.

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra*. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones

del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones